UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER GRAHAM | CIVIL ACTION |
| VERSUS | NO. 13-6588 |
| ENSCO OFFSHORE COMPANY | SECTION "A" (2) |

### ORDER AND REASONS ON MOTION

Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Requests for Production of Documents, Record Doc. No. 22, is pending before me in this matter. Defendant filed a timely written opposition memorandum, Record Doc. No. 25, and plaintiff was granted leave to file a reply memorandum in support of his motion. Record Doc. Nos. 28, 30-31.

Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that plaintiff's motion is DEFERRED IN PART AND GRANTED IN PART for the following reasons.

The motion seeks production of two kinds of materials: (1) witness statements responsive to Request No. 2 of plaintiff's first set of production requests; and (2) a PowerPoint presentation of a "root-cause investigation" of plaintiff's accident conducted by defendant responsive to Request No. 1 of plaintiff's third set of production requests. Defendant's opposition memorandum argues that the witness statements are protected from discovery as work product materials prepared in anticipation of litigation. As to the root cause investigation, defendant argues that it is a "subsequent remedial measures

report," Record Doc. No. 25 at p. 4, which should be precluded from discovery because it is inadmissible at trial under Fed. R. Evid. 407 or, alternatively, if discovery is permitted, it should be subject to a "protective order" precluding its admission into evidence at trial. Id. at pp. 5-6.

Determination of the motion is DEFERRED insofar as it requests production of witness statements. When – as in this motion – privilege or work product objections are the basis for failure to provide requested discovery, the objecting party may prevail only if it both properly asserts its objections and substantiates its claims.

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . .  To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion.  The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . .  Although an attorney's word may be "taken on its face," a privilege claim is not self-executing.  It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Proper substantiation of privilege or work product objections imposes an evidentiary burden, and the party asserting such objections must prove that each

2

document it has withheld was privileged or prepared in anticipation of litigation or for trial. The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege.  In re Equal Emp't Opportunity Comm'n, 207 F. App'x 426, 431 (5th Cir. 2006); Woodard v. Andrus, No. 2:03-2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008) (citing High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985); In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993)).

 At this time, defendant, ENSCO Offshore Company, has failed to provide any evidence whatsoever to sustain its burden of establishing work product objections to production of the post-accident witness statements. Defendant's self-serving, conclusory and unverified averment in its opposition memorandum that it "decided to take written statements from the crew in anticipation of litigation" two days after the accident is wholly insufficient to prove the "crucial [fact] . . . that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation,'" rather than as an ordinary business practice, Robinson v. Tex. Auto. Dealers Ass'n, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting In re Kaiser Alum. & Chem. Co., 214 F.3d 586, 593 (5th Cir. 2000)) (emphasis added), rev'd on other grounds, 2003 WL 21911333 (5th Cir. July

25, 2003); accord Udoewa v. Plus4 Credit Union, 457 F. App'x 391, 393 (5th Cir. 2012) (citing In re Kaiser Alum., 214 F.3d at 593), or as in this case, as part of its root-cause investigation intended to remediate a workplace condition.

Rather than simply rule against defendant based on the current record, in light of the importance and potential applicability of the asserted work product objections to the witness statements, and because there appears to be sufficient time without disrupting the current trial schedule to permit defendant to attempt to sustain its burden, I will defer ruling on this portion of the motion and permit defendant to try to do what it should have already done. Accordingly, IT IS ORDERED that no later than March 5, 2015, Ensco must submit a supplemental memorandum in support of its motion, supported by evidence in the form of affidavits or other sworn testimony. By that same date, IT IS FURTHER ORDERED that defendant must produce to me, exclusively for in camera review, all witness statements at issue. IT IS FURTHER ORDERED that plaintiff may file a supplemental memorandum in opposition to this portion of the motion no later than March 11, 2015. Thereafter, this portion of the motion will be determined on the record without further briefing or oral argument.

As to the root cause investigation report that defendant prepared after Graham's accident, plaintiff specifically sought a copy of this Power Point presentation in Request for Production No. 1 of his Third Request for Production of Documents.   ENSCO

objected in its responses that this request "seeks information prepared in anticipation of litigation." Record Doc. No. 22-2 at p. 20. However, defendant does not even argue in its memorandum that these materials are protected work product. Even if it had made the argument, which I now deem waived, defendant again supplies no proof to establish any element of work product protection, including but not limited to the allegation that the primary motivating factor in preparation of the report was anticipation of litigation, as opposed to ordinary business practice, and instead concedes in its opposition memorandum that the presentation was created, not in anticipation of litigation, but as a subsequent remedial measure report.

The court rejects defendant's subsequent remedial measures argument as a basis for preventing discovery of this material. Fed. R. Civ. P. 26(b)(1) expressly provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Defendant's post-accident investigation report specifically addressing the subject accident, whether in the form of a Power Point presentation or otherwise, is clearly relevant and discoverable, and must be produced to plaintiff along with a supplemental written response stating that defendant has produced all responsive materials. Whether the root cause investigation report will be admitted at trial is properly asserted by a motion in limine addressed to the presiding district judge, not to the magistrate judge on a

discovery motion to compel or for protective order. Defendant's objections to admissibility of the report at trial or for any other purpose are hereby specifically preserved.

Further, it appears from the copy of ENSCO's supplemental answers to plaintiff's interrogatories provided to me, Record Doc. No. 22-2 at p. 18, that the answers are not verified under oath by the <u>party</u> making them, as required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). Accordingly, no later than March 11, 2015, ENSCO is **HEREBY ORDERED** to provide the supplemental written response to plaintiff's discovery request ordered above, with the required verification of <u>all</u> of its interrogatory answers, in accordance with Fed. R. Civ. P. 33 and 34, and to produce the root cause investigation report and/or presentation to Graham's counsel.

New Orleans, Louisiana, this \_\_\_27th\_\_\_ day of February, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE